# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeals of --

Kellogg Brown & Root Services, Inc.

Under Contract No. DAAA09-02-D-0007

ASBCA Nos. 57530, 58161

APPEARANCES FOR THE APPELLANT:

Douglas L. Patin, Esq.
  Bradley Arant Boult Cummings LLP
  Washington, DC

Kerry M. McMahon, Esq.
  Porter Hedges, LLP
  Houston, TX

Craig D. Margolis, Esq.
Amy L. Riella, Esq.
  Vinson & Elkins LLP
  Washington, DC

APPEARANCES FOR THE GOVERNMENT:

E. Michael Chiaparas, Esq.
  DCMA Chief Trial Attorney
Carol L. Matsunaga, Esq.
  Senior Trial Attorney
  Defense Contract Management Agency
  Carson, CA

John A. Kolar, Esq.
Russell B. Kinner, Esq.
  Senior Trial Counsel
  Department of Justice
  Washington, DC

## OPINION BY ADMINISTRATIVE JUDGE MELNICK ON THE GOVERNMENT'S MOTION TO SUSPEND OR DISMISS THESE APPEALS

On 19 February 2016, the Board reinstated these appeals to its docket after they had been previously dismissed without prejudice for three years under former Board Rule 30 (now Rule 18). *See Kellogg Brown & Root Services, Inc.*, ASBCA Nos. 57530, 58161, 13 BCA ¶ 35,243. The appeals involve the government's disallowance of KBR subcontract settlement costs. KBR submitted certified claims respecting these costs in 2010. The Board had dismissed the appeals without prejudice

because of a pending suit filed by the United States against KBR in the United States District Court for the Central District of Illinois. The suit alleges that KBR's Requests for Equitable Adjustment and other costs that were the subject of its claims were knowingly inflated and false and violated the False Claims Act (FCA), 31 U.S.C. § 3729, and the Contract Disputes Act (CDA), 41 U.S.C. § 7103(c)(2). *United States v. Kellogg Brown & Root Services, Inc.*, No. 4:12-cv-04110 (C.D. Ill. filed Nov. 20, 2012). The government now again seeks dismissal without prejudice or a stay because its FCA case has not progressed passed the discovery stage. After this new motion was fully briefed the Board heard oral argument. The motion is denied.

When ruling upon the government's original motion to dismiss without prejudice, the Board considered four factors summarized as: (1) whether the facts, issues, and witnesses in the two proceedings were similar; (2) whether the parallel matter would be compromised by proceeding here; (3) whether the non-moving party would be harmed by more delay; and (4) whether the duration of the suspension sought was reasonable. *Kellogg Brown & Root Services*, 13 BCA ¶ 35,243 at 173,021. The Board also stressed that it possessed inherent authority "to manage [its] docket and to stay, suspend or dismiss appeals without prejudice in appropriate circumstances, applying [its] judgment to weigh the competing interests of the parties and assess any prejudice." *Id.* at 173,022. Originally, the Board found that these factors dictated dismissal without prejudice, subject to reinstatement within three years. They do not favor repeating that process.

Starting with the fourth factor, continuing to delay the appeals for the FCA action with no indication as to when the suit will be resolved is essentially an indefinite stay. Such an act would be an abuse of discretion absent a pressing need. *See Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936). Concerning the third factor, KBR has satisfied the Board that another dismissal could prejudice it, given the length of time that has already transpired since it submitted its certified claims. When initially dismissing the appeal without prejudice, the Board contemplated reinstatement within three years, which it concluded "allow[ed] a reasonable period of time for the resolution of the FCA action and all related matters." *Kellogg Brown & Root Services*, 13 BCA ¶ 35,243 at 173,022. More than that amount of time has passed and the government cannot state when the FCA matter will be resolved. There is a substantial risk that evidence will become stale or unavailable should more significant delay of this appeal occur. As far as the second factor is concerned, when asked at oral argument whether proceeding here would compromise the government's FCA case, the government stated it would not as long as the government could obtain complete discovery and a full record (tr. 1/29). Finally, although there are similarity of facts, witnesses, and some issues in the two proceedings, that factor alone is insufficient to dismiss the appeal again. The government has already been granted one three-year dismissal to avoid duplicative proceedings.

2

This Board has been conferred with jurisdiction to decide this appeal regarding appellant's entitlement to contract costs. Given that the government admits it will not be prejudiced by proceeding upon a complete record, it is the Board's judgment that a dismissal without prejudice is not appropriate. Nor is a stay deemed necessary at this time. Accordingly, the government's motion is denied.

Dated: 25 July 2016

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 57530, 58161, Appeals of Kellogg Brown & Root Services, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3